JOSEPH P. WHITTIER *vs.* MOSES E. EAGER.

A promissory note given by the maker in exchange for a note given to him by the payee is not an accommodation note, although made for the mutual convenience of the parties.

In an action upon a promissory note, evidence in defence that some person, unknown to the defendant's counsel, has paid the amount of it to the plaintiff, is incompetent.

CONTRACT by the indorsee against the maker of a promissory note. Answer, that the note was an accommodation note, and that there was no consideration for the making or indorsement thereof.

At the trial in the superior court, the defendant testified that he gave the note in exchange for a note of S. W. Bean & Co., the payees, and that it was for their accommodation ; that, at the time the note was signed, he proposed that they should give him their receipt, but they replied that it would be as well to give a note, which was done, and that he still held it. Upon this evidence, *Brigham*, J., ruled that the note declared on was not an accommodation note. The defendant's counsel then offered evidence that there was no consideration for the indorsement of the note in suit to the plaintiff, and that the plaintiff had notice of the facts above stated; and that the note had been paid to the plaintiff by some person, but by whom he was

not instructed. The court rejected the evidence, and directed the jury to find a verdict for the plaintiff, which they did ; and the defendant alleged exceptions.

*W. L. Brown*, for the defendant. ·

*H. C. Hutchins*, for the plaintiff.

BIGELOW, C. J. The defendant by his own testimony proved that the note in suit was given for a valid consideration. Nothing is better settled than that a promissory note given by the maker in exchange for a note given to him by the payee is for a good consideration, and is in no proper sense an accommodation note, although made for the mutual convenience of the parties. *Higginson* v. *Gray*, 6 Met. 212. Being a valid note on which the defendant was liable, it was wholly immaterial whether the plaintiff, as indorsee, took it for value.

If the evidence of payment was admissible, for the reason that it was not objected to at the trial on the ground that it had not been duly pleaded in the defendant's answer, it is very clear that the proof offered wholly failed to substantiate the fact. Evidence that some one had paid the amount of the note to the plaintiff did not necessarily show that the note was paid, so as to exonerate the defendant from his liability thereon. It was equally consistent with the fact of the purchase of the note by the person who paid the money, as with its payment, and the burden of proof to establish payment being on the defendant, it failed to sustain the allegations ; *a fortiori* is this true, where it appears, as in the case at bar, that the defendant has not instructed his counsel that the money was paid either by himself or on his behalf. We therefore cannot see that the defendant was in any way aggrieved by the rulings of the court at the trial.                                    *Exceptions overruled.*